USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/5/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MICHAEL PEARSE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/
MONEY JUDGMENT

S3 15 Cr. 616 (AT)

WHEREAS, on or about June 5, 2017, MICHAEL PEARSE (the "Defendant"), was charged, among others, in an eight-count Superseding Indictment, S3 15 Cr. 616 (AT) (the "Indictment"), with, *inter alia*, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One);

WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about July 3, 2018, and on or about January 7, 2019, Post-Indictment Restraining Orders were entered restraining, among other things, the following properties and assets of the Defendant:

    a. Real Property located at 268 Mount Irvine Road, Mount Irvine, NSW, 2786, Australia, also known as Lot Plan LD/DP391063 ("Property-1");

    b. Real Property located at 302/6 Belvoir Street, Surry Hills, NSW, 2010, Australia, also known as Certificate of Title Folio Identifier 12/SP62117 and 52/SP62117 and Property Number 2114569 ("Property-2");

    c. Real property located at Unit 322 Seascape, Hervey Bay, Queensland, Australia, also known as Lot 322, Plan 225553, County March ("Property-3");

    d. All right, title, and interest in the limited partnership interest in Blackwall Capital Holdings, LP in the name of Michael J. Pearse, equal to 1.5% based on a capital contribution of $150,000, as well as any future distributions of dividends (the "Blackwall Interest");

    e. Any and all funds, up to and including $10,856.16, held in account number 2007375440 at Bank of America in the name of Michael Pearse, d/b/a Devine Elements, and all funds traceable thereto ("BOA Account-1");

    f. Any and all funds, up to and including $4,080.49, held in account number 2007876886 at Bank of America in the name of Michael Pearse, and all funds traceable thereto ("BOA Account-2"); and

    g. Any and all funds, up to and including $20,047.24, held in account number 2007876904 at Bank of America in the name of Michael Pearse, and all funds traceable thereto ("BOA Account-3")

(a. through c., collectively, the "Real Properties");

WHEREAS, the Government and the Defendant understand that the trustee overseeing the Real Properties in Australia may sell the Properties, use the proceeds to satisfy the outstanding mortgages on the Real Properties, and restrain the net proceeds of the sales as being subject to forfeiture by the U.S. government;

WHEREAS, on or about June  8 , 2021, the Defendant pleaded guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c): (i) a sum of money equal to $10,162,937.96 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all right, title and interest of the Defendant in the following specific property:

    a. Property-1 and any sale proceeds traceable thereto;

  b. Property-2 and any sale proceeds traceable thereto;

  c. Property-3 and any sale proceeds traceable thereto;

  d. the Blackwall Interest, including any past unpaid distributions of dividends;

  e. BOA Account-1;

  f. BOA Account-2; and

  g. BOA Account-3

(a. through g. collectively, the "Specific Property");

  WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $10,162,937.96 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

  WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds of the offense charged in Count One of the Indictment that the Defendant personally obtained;

  WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorneys, Olga I. Zverovich and Jilan Kamal of counsel, and the Defendant, and his counsel, Daniel Francis Lynch, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $10,162,937.96 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, MICHAEL PEARSE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.      The United States Department of Treasury is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____  5/18/2021
Olga I. Zverovich / Jilan Kamal   DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2514/2192


MICHAEL PEARSE

By: _MP by Daniel Lynch_____  5/20/21
Michael Pearse                    DATE

By: _Daniel Lynch_____  5/20/21
Daniel Lynch                      DATE
Attorney at Law
20 Vesey Street, Suite 410
New York NY 10007
212-571-4888 / 917-747-7164
dlynch4@gmail.com


SO ORDERED.

Dated: August 5, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge