UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MICHAEL PEARSE,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _04/19/2024___

15 Cr. 616-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On October 20, 2021, after pleading guilty to conspiracy to commit wire fraud, Defendant, Michael Pearse, was sentenced to a term of imprisonment of 109 months. Judgment, ECF No. 854. He now moves for a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines (the "Guidelines"). ECF No. 926. For the reasons stated below, Pearse's motion is GRANTED.

## BACKGROUND

### I. Statutory Framework

Pursuant to 18 U.S.C. § 3582(c)(2), after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The United States Sentencing Commission recently revised the Guidelines in what is known as Amendment 821. U.S.S.G. App. C, amend. 821. Part B of Amendment 821 inserts a new § 4C1.1, which provides a two-level offense level reduction for offenders with zero criminal history points who meet certain eligibility criteria. Amendment 821, which is retroactive, went into effect on November 1, 2023.

### II. Factual Background

Pearse "played a central role in a multimillion-dollar scheme to defraud mobile phone customers by placing unauthorized charges for premium text messaging services on the customers' cellular phone bills through a practice known as 'auto-subscribing.'" Sentencing Tr. at 29:13–17, ECF No. 869. He "created shell companies to hide the proceeds from the scheme" and "issued false invoices for services that were not provided to further conceal the purpose of the payments." *Id.* at 30:10–14. The total loss attributed to his actions was estimated to be "tens of millions of dollars or more." *Id.* at 30:15–17. Pearse "personally received over $10 million from the scheme, and it is evident that his involvement in the scheme was motivated by greed." *Id.* at 30:20–22.

During Pearse's sentencing, the Court found "abundant support for a Guidelines sentence." *Id.* at 31:19–20.  The Court sentenced Pearse to 109 months of imprisonment—the middle of the then-applicable Guidelines range of 97 to 121 months, based on an offense level of 30 and a criminal history category of I—and entered an order of forfeiture in the amount of $10,162,937.96.  *Id.* at 6:17–21, 31:23–24; Judgment at 2, 5.

The Bureau of Prisons currently projects that Pearse will be released from prison on September 15, 2026.  ECF No. 929 at 1.  Pearse has not incurred any disciplinary infractions while incarcerated.  *Id.* at 3.  He has "taken numerous courses, held a variety of work assignments . . . and has assisted other inmates . . . by helping [them] with coursework and work assignments."  ECF No. 930 at 3; *see* ECF No. 929 at 3–4.  Pearse has accrued 681 hours of credits pursuant to the First Step Act.  ECF No. 930 at 3; *see* 18 U.S.C. § 3624(g).[1]

### III.  Procedural History

On November 16, 2023, Pearse moved *pro se* for a sentence reduction under Amendment 821.  ECF No. 926.  Pursuant to the standing order of the Chief Judge of this District, the Court reappointed Florian Miedel (CJA) to represent Pearse in the Court's adjudication of the motion.  ECF No. 927.  On January 10, 2024, Miedel filed a supplement to the initial motion.  ECF No. 930.

By order dated January 11, 2024, the Court ordered the Government to respond and noted that the Probation Department determined that Pearse appears to be eligible for an adjustment of his sentence based on Amendment 821.  *See* ECF No. 931 (citing ECF No. 929 at 3).  On February 2, 2024, the Government agreed that the two-point reduction applies and recommended that the Court grant Pearse's motion, citing his "post-sentencing conduct" and stating that "Amendment 821 was intended precisely for such defendants and the Government has no reason to believe that a reduced sentence within the amended Guidelines range would endanger the public."  ECF No. 932 at 3.

## DISCUSSION

Pearse is eligible for a sentencing reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2).  Based on the Court's independent evaluation of the Guidelines, Pearse's amended Guidelines range is 78 to 97 months, based on an offense level of 28 and a criminal history category of I.

In considering the instant motion, the Court must balance the factors set forth in 18 U.S.C. § 3553(a).  Pearse's offense conduct was serious, as he played a central role in a multimillion-dollar fraud scheme.  But, since his sentencing, Pearse has engaged in an array of work assignments and classes, and has followed the Court's request that he help other inmates

---

[1] Although these credits ordinarily make incarcerated persons eligible for early transfer to supervised release or a residential reentry center, Pearse cannot use the credits because he is subject to a final order of removal.  *See* 18 U.S.C. § 3632(d)(4)(E).

"get their GED . . . so that they can stand on their feet when they are released." Sentencing Tr. at 34:15–22.

Having considered the record in this case and the parties' arguments, it is hereby ORDERED that Defendant's term of imprisonment is reduced to **89 months' imprisonment**. All other components of the sentence remain as originally imposed.

The Clerk of Court is directed to terminate the motions at ECF Nos. 926 and 930.

SO ORDERED.

Dated: April 19, 2024
       New York, New York

                                                 ANALISA TORRES
                                       United States District Judge